Steven L. Weinstein
Steven L. Weinstein, Attorney at Law
steveattorney@comcast.net
P.O. Box 27414
Oakland, CA 94602
1501 Crockett Place
Oakland, CA 94602
Telephone: (510) 336-2181
Facsimile: (510) 336-2181

*Attorney for Plaintiff and the putative Class*
*Additional Attorneys on Signature Page*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **DANIEL DECLEMENTS**, individually and on behalf of all others similarly situated, | Case Number: |
| v. | **CLASS ACTION COMPLAINT** |
| **TANGOME, INC.**, a Delaware corporation, | **DEMAND FOR JURY TRIAL** |
| *Defendant*. | |

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Daniel DeClements ("DeClements" or "Plaintiff DeClements") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant TangoMe, Inc. ("Defendant" or "TangoMe") to stop Defendant's practice of sending unsolicited telemarketing text messages to cellular telephones without consent and to obtain redress, including classwide injunctive relief and damages, for all persons injured by its conduct. Plaintiff Daniel DeClements, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**NATURE OF THE ACTION**

1. Defendant TangoMe is a mobile application that allows its users to contact other users via video calls and text messages to cellular telephones. Defendant's mobile application allows for social discovery, browsing, and the sharing of content between users.[1] In other words, Defendant is a mobile-messaging application.

2. Unfortunately for consumers, Defendant casts its marketing net too wide. That is, in an effort to acquire new users and promote its business and brand awareness Defendant spams consumers with its text messages—inviting them to sign up for its mobile application.[2] Stated succinctly, Defendant conducted (and continues to conduct) a wide-scale telemarketing campaign that features the sending of unsolicited text messages to consumers' cellular telephones—without prior express consent and in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

3. Defendant sent the messages/made the calls and, by doing so, Defendant caused Plaintiff and the members of the Class actual harm and cognizable legal injury. This includes the aggravation, annoyance, and nuisance and invasions of privacy that result from the receipt of such calls and, for some, a loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls. Furthermore, the calls interfered with Plaintiff's and the other Class members' use and enjoyment of their cellular telephones, including the related data, software, and hardware components. Defendant also interfered with each class member's use and enjoyment of their phones, temporarily prevented the use of functionality, caused wear and tear on their property, consumed battery life, and appropriated cellular data and minutes.

4. The TCPA was enacted to protect consumers from unsolicited telemarketing which includes text messages like those alleged in this case. In response to Defendant's unlawful conduct, Plaintiff files the instant lawsuit and seeks an injunction requiring Defendant to cease all

---

[1] http://www.crunchbase.com/company-beta/1054432/?pathWildcard=1054432

[2] The link in Defendant's text message leads to, https://play.google.com/store/apps/details?id=com.sgiggle.production&referrer=adjust_reftag%3DcHbd3wZstE0LC%26utm_source%3DMassiveSMS, where a consumer can purchase Defendant's mobile application.

CLASS ACTION COMPLAINT
-2-

unsolicited text messaging activities to consumers as complained of herein and an award of statutory damages to the members of the Classes under the TCPA, together with costs and reasonable attorneys' fees.

5. Defendant sends text messages to consumer's cellular telephones in an attempt to solicit consumers to sign up for its mobile application.

6. Defendant sends solicitation text messages from telephone number 216-208-0231.

7. In sending these text messages, Defendant took no steps to acquire the oral or written prior express consent of Plaintiff or the Class Members who received the text messages.

8. Defendant made, or had sent on its behalf, the same (or substantially the same) text message *en masse* to thousands of cellular telephone numbers throughout the United States.

9. In sending the text messages at issue in this Complaint, Defendant utilized an automatic telephone dialing system ("ATDS"). Specifically, the hardware and software used by Defendant (or its agent) has the capacity to store, produce, and dial random or sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse,* in an automated fashion without human intervention. Defendant's ATDS includes features substantially similar to a predictive dialer, inasmuch as it is capable of making numerous text message calls simultaneously (all without human intervention).

10. Defendant was and is aware that text messages were and are being made without the prior express written consent of the text message recipients.

**PARTIES**

11. Plaintiff Daniel DeClements is a natural person and resident of Highlands Ranch, Colorado.

12. Defendant TangoMe, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 605 Fairchild Drive, Mountain View, California 94043.[3]

**JURISDICTION AND VENUE**

---

[3] https://businesssearch.sos.ca.gov/CBS/Detail.

13. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, as the action arises under the TCPA, which is a federal statute. This Court has personal jurisdiction over Defendant because it conducts a significant amount of business in this District, solicit consumers in this District, sent and continues to send unsolicited text messages from this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

14. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant conducts a significant amount of business within this District and markets to this District, and because the wrongful conduct giving rise to this case occurred in and/or was directed to this District. Venue is additionally proper because Defendant resides in this District.

## COMMON FACTUAL ALLEGATIONS

15. Defendant is a mobile messaging application that allows consumers who have signed up for its services to contact several people simultaneously in a variety of different ways, including via video and text message on their cellular telephones.

16. In recent years, companies such as Defendant have turned to practices such as growth hacking as a way to increase its customer base. Growth hacking "is a process of rapid experimentation across marketing channels and product development to identify the most effective, efficient ways to grow a business … [g]rowth hackers are marketers, engineers and product managers that specifically focus on building and engaging the user base of a business."[4] But most importantly, growth hacking is an *inexpensive* way to increase a start-up business's customer base, sometimes in dubious ways.

17. Defendant's growth hacking violates the TCPA and the privacy rights of consumers throughout the nation. Defendant obtains access to its consumers' contacts lists when they download the app and then illegally sends *some of the contacts* invitation-text messages without their prior express written consent, or the consent of the consumer who originally downloaded the app. Below is screenshot showing Defendant seeking permission to access a

---

[4] "B2B Marketing Buzzwords: Growth Hacking Vs. Inbound Marketing - MLT Creative". *MLT Creative*. Retrieved 2016-03-26.

CLASS ACTION COMPLAINT
-4-

1  consumer's contacts list.



18.     TangoMe fails to obtain prior express written consent from the consumer who downloaded the app or anyone in his address book before sending solicitation text messages to those in the address book similar to the text message shown below.



19.     Text messages, like the ones sent in the instant action, are considered calls under the TCPA. *See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014, 14115, ¶ 165 (July 3,

2003); *see also Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946, 954 (9th Cir. 2009) (noting that text messaging is a form of communication used primarily between telephones and is therefore consistent with the definition of a "call").

20. Furthermore, as explained by the Federal Communications Commission ("FCC") in its 2012 order, the TCPA requires "*prior express written consent* for all autodialed or prerecorded telemarketing calls to wireless numbers and residential lines." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012).

21. Yet in violation of this rule, Defendant fails to obtain any prior express written consent to send these autodialed text messages to cellular telephone numbers.

22. The text message inviting the consumer to "Add back" with a Google link forwards to the TangoMe's download page on the Google Play store. Though the app is free, the app contains ads and in-app purchases where the consumer is solicited to pay money while using the app.

23. Consumer complaints about Defendant's invasive and repetitive text messages are legion. As an illustrative example, consumer have complained as follows:[5]

- They spammed my entire phone book inviting people to join Tango. If ya give a mouse a cookie.....
- They hacked into my contacts even after deleting this app.
- Spammed everyone in my address book after I made a call. Deleting now!
- This app is sketchy! It will text your contacts spam and is sneaky with charges. Don't download it.
- Scam it sent the url to every one in my contacts.
- Worst app ever, randomly took over my phone whenever it wanted to. I would be in the middle of doing something and then Tango would randomly take over my whole screen. It also sent random invites to people in my contact list telling them to use this awful app. Again, worst app ever
- messaged all of my contacts without my permission. deleted!!
- I received a message today supposedly from one of my contacts. However, after having spoken to the person in question, I was told the person never sent me any message. WTH? It's very fraudulent of Tango to assume someone's identity and intrude on their Privacy in order to advertise itself. Tango's Privacy policy is a joke. If I could give this app zero star, I would. Why Google do not investigate this app is surprising to me.
- This has to be the worst app in the world. It sends you unnecessary ads and notifications. One wrong button and it will spam your contacts with ads. Don't get it.

---

[5] These reviews are from play.google.com and range from April of 2017 to June of 2017.



24. At all times material to this Complaint Defendant was and is fully aware that unsolicited text messages are being made to consumers' cellular telephones through its own efforts and/or its agents'.

25.  In sending the text messages that form the basis of this Complaint, Defendant utilized an automatic telephone dialing system ("ATDS") in violation of the TCPA. Specifically, the hardware and software used by Defendant has the capacity to generate and store random numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention.  Defendant's automated dialing equipment also is, or includes features substantially similar to, a predictive dialer, meaning that it is capable of making numerous phone calls simultaneously and automatically connecting answered calls to then available callers and disconnecting the rest (all without human intervention).

26.  Defendant knowingly sent (and continues to send) unsolicited text messages without the prior express written consent of the recipients.  In so doing, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the TCPA.

**FACTS SPECIFIC TO PLAINTIFF DANIEL DECLEMENTS**

27.  On April 23, 2017 at 9:00 p.m., Plaintiff received a text message from TangoMe on his cellular telephone stating, "Michael added you on Tango.  Add back https://goo.gl/5CfYHV" (the "Text Message"). The Text Message was sent from telephone number 216-208-0231.

28.  A screenshot of the Text Message is reproduced below:



29.     The hyperlink in the Text Message, https://goo.gl/5CfYHV, pointed to https://play.google.com/store/apps/details?id=com.sgiggle.production&referrer=adjust_reftag%3DcEUzLs8ph7CsN%26utm_source%3DMassiveSMS, which was a link that takes the consumer to a GooglePlay wherein a consumer can purchase TangoMe's application.

30.     Plaintiff is not affiliated and/or associated with the "Michael" who added Plaintiff on Tango, as described by the Text Message.[6]

31.     Plaintiff has never downloaded TangoMe's mobile application.

32.     The Text Message was sent to Plaintiff without his prior express written consent as mandated by the TCPA.

33.     Plaintiff does not have a relationship with TangoMe, has never provided his telephone number to TangoMe, and has never requested that TangoMe send text messages to him or offer its services. Simply put, Plaintiff has never provided any form of prior express written consent to TangoMe to send solicitation text messages to him and has no business relationship with TangoMe.

34.     TangoMe at all times was and is aware that the above-described text message was and is being made to consumers like Plaintiff who had not consented to receive them.

35.     By sending unauthorized text messages to consumers' cellular telephones as alleged herein, TangoMe has caused consumers actual, concrete harm and annoyance.

36.     In order to redress these injuries, Plaintiff, on behalf of himself and a Class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited autodialed text messages to cellular telephones.

37.     On behalf of the Class, Plaintiff seeks an injunction requiring TangoMe to cease all unauthorized autodialed text messaging activities, declaratory relief establishing that TagoMe's text messages violated the TCPA, and an award of statutory damages to the Class members, together with costs and reasonable attorneys' fees.

**CLASS ALLEGATIONS**

---

[6] "Tango" is the trade name of Defendant TangoMe's mobile application.

38. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seek certification of the following Class:

> **Autodialed No Consent Class:** All persons in the United States from a date four years prior to the filing of the initial complaint in this case through the present who (1) Defendant (or a third person acting on behalf of the Defendant) sent text messages, (2) to the person's cellular telephone number, and (3) for whom Defendant claims it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to send automated text messages to the Plaintiff.

39. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant has been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

40. **Numerosity**: The exact size of the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant sent autodialed text messages to thousands of consumers who fall into the definition of the Class. Members of the Class can be easily identified through Defendant's records.

41. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class includes, but are not necessarily limited to the following:

(a) whether Defendant's conduct constitutes a violation of the TCPA;

(b) whether Defendant utilized an automatic telephone dialing system to send text messages to members of the Class;

(c) whether members of the Class are entitled to statutory and treble damages based on the willfulness of Defendant's conduct; and

(d) whether Defendant obtained prior express written consent to contact any Class members.

42. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Class.

43. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.  Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff the Autodialed No Consent Class)**

44. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

45. Defendant sent autodialed text messages to cellular telephone numbers belonging to Plaintiff and other members of the Autodialed No Consent Class without first obtaining prior express consent to send such autodialed text messages as required by the Telephone Consumer Protection Act.

46. Defendant's text messages were made for the purpose of marketing its services as a mobile video-messaging application.

47. Defendant sent the text messages and was the initiator of the call to Plaintiff and the Autodialed No Consent Class. Among other things, the text messages were initiated by the Defendant who sent the text messages without the consent or knowledge of the consumer who downloaded the app. App users, even those who provide access to their contacts, are not told that persons who haven't downloaded the App will be contacted, let alone text messaged.

48. At no time did Defendant obtain prior express written consent from Plaintiff or the members of the class. No disclosure was provided to message recipients that they were agreeing to receive text messages with an automatic telephone dialing system or that providing such consent was not a condition (direct or indirect) of any purchase of any goods or services.

49. Defendant sent the text autodialed text messages using equipment that had the capacity to store or produce telephone numbers using a random or sequential number generator, to receive and store lists of phone numbers, and to dial such numbers, *en masse*, without human intervention. The telephone dialing equipment utilized by Defendant, also known as a predictive dialer, dialed numbers from a list, or dialed numbers from a database of telephone numbers, in an automatic and systematic manner. Defendant's autodialer disseminated information *en masse* to Plaintiff and other consumers.

50. By sending the unsolicited text messages to Plaintiff and the cellular telephones of members of the Autodialed No Consent Class without their prior express written consent, and by utilizing an automatic telephone dialing system to send those text messages, Defendants violated the Telephone Consumer Protection Act's provision 47 U.S.C. § 227(b)(1)(A)(iii).

51. As a result of Defendant's violation of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the other members of the Autodialed No Consent Class are each entitled to, under 47 U.S.C. § 227(b)(3)(B), a minimum of $500.00 in damages for each violation of such act.

52. In the event that the Court determines that Defendant's conduct was willful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Autodialed No Consent Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Daniel DeClements, individually and on behalf of the Class, prays for the following relief:

53. An order certifying the Classes as defined above, appointing Plaintiff DeClements as the representative of the Class, and appointing his counsel as Class Counsel;

54. An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

55. An order declaring that Defendant's actions, as set out above, violate the TCPA;

56. A declaratory judgment that Defendant's telephone calling equipment constitutes an automatic telephone dialing system under the TCPA;

57. An order requiring Defendant to disgorge any ill-gotten funds acquired as a result of its unlawful telephone calling practices;

58. An order requiring Defendant to identify any third-party involved in the autodialed calling as set out above, as well as the terms of any contract or compensation arrangement it has with such third parties;

59. An injunction requiring Defendant to cease all unsolicited autodialed text messaging activities, and otherwise protecting the interests of the Class;

60. An injunction prohibiting Defendant from using, or contracting the use of, an automatic telephone dialing system without obtaining, and maintaining records of, call recipient's prior express written consent to receive calls made with such equipment;

61. An injunction prohibiting Defendant from contracting with any third-party for marketing purposes until they establish and implement policies and procedures for ensuring the third-party's compliance with the TCPA;

62. An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above;

63. An award of treble damages if willfulness is found; and

64. Such other and further relief that the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully Submitted,

**DANIEL DECLEMENTS**, individually and on behalf of a Class of similarly situated individuals

Dated: August 24, 2017

s/Steven L. Weinstein
One of Plaintiff's attorneys

Steven L. Weinstein
steveattorney@comcast.net
P.O. Box 27414
Oakland, CA 94602
Telephone: (510) 336-2181
Facsimile: (510) 336-2181

Blake J. Dugger*
blake@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
1011 W. Colter St., #236
Phoenix, AZ 85013
Telephone: (602) 441-3704
Facsimile: (888) 498-8946

Steven L. Woodrow*
swoodrow@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 E. Mexico Ave., Ste. 300
Denver, CO 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Attorneys for Plaintiff and the Class

*Pro Hac Vice to be sought

CLASS ACTION COMPLAINT
-14-